Karl Olson (SBN 104760)
Susan S. Brown (SBN 287986)
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Tel: 415-433-4949
Fax: 415-433-74311
Email: kolson@rocklawcal.com
Email: sbrown@rocklawcal.com

Jeffrey D. Glasser (SBN 252596)
Los Angeles Times
202 W. 1st Street
Los Angeles, CA 90012
Tel: 213-237-5000
Email: jeff.glasser@latimes.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOS ANGELES TIMES COMMUNICATIONS LLC AND DAVID WILLMAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER FREEDOM OF INFORMATION ACT** |

### INTRODUCTION

1. Plaintiffs Los Angeles Times Communications LLC and David Willman (jointly, "the *Times*") seek disclosure under the Freedom of Information Act ("FOIA") of bonus or incentive fees paid by the Department of Defense's ("DOD's") Missile Defense Agency to large defense contractors working on the Ground-based Midcourse Defense (GMD) system during the period of December 31, 2001 to March 1, 2014. Despite numerous failures during testing, and prior disclosures of similar information to news organizations, DOD has withheld from taxpayers – and the *Times* – information showing the large sums in bonuses that DOD paid to contractors

1  involved with the GMD system.

## FACTUAL BACKGROUND

2. The *Times* brings this action under the Freedom of Information Act, 5 U.S.C. § 552, seeking the production of agency records improperly withheld by DOD in response to requests properly made by the *Times*.

3. The *Times* seeks to know the amounts of bonus fees, also known as incentive fees, that DOD paid to contractors working on the GMD system, including Boeing, Raytheon, Northrop Grumman, and Orbital Sciences.

4. The GMD system is designed to protect Americans against threats from rogue nations such as North Korea and Iran. Although American taxpayers have spent $40 billion during the past decade to develop the GMD system, the missile shield's performance is spotty at best, even in carefully choreographed tests that are more predictable and less challenging than an actual attack would be.

5. As Mr. Willman has reported in the *Times*, on three of the system's last four flight tests, it failed to intercept targets. Overall, the GMD system has intercepted targets nine times, and failed to intercept targets on eight other occasions.

6. Given the important national defense issues, the performance problems, and the staggering sums spent to date, the public has significant interest in the GMD system, including the bonus or incentive fees paid to its developers. The following articles from the *Times'* and Bloomberg's reporting on this issue are attached as Exhibit A: "Straying from its target; After a decade and $40 billion, Ground-based Midcourse Defense system has proved a costly disappointment," David Willman, Los Angeles Times, June 9, 2014; "Latest missile defense test a success; An interceptor fired from Vandenberg nails its target, ending a streak of failures," David Willman, Los Angeles Times, June 23, 2014; "$35B Missile Defense Misses Bullet With Bullet," Elliot Blair Smith and Gopal Ratnam, Bloomberg News, August 2, 2011.

7. Despite this public interest and its clear obligations under FOIA, DOD has refused to release the information and failed—for more than three months past the statutory deadline—to consider the *Times*' appeal or even indicate when it will do so. As a result, the *Times* has

Case No. _____ -- COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER FREEDOM OF INFORMATION ACT                                                       2

exhausted administrative remedies. (5 U.S.C. § 552(a)(6)(C)(ii).)

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. §1331.

9. Venue is proper because complainant the *Times* resides in the Central District of California.

10. DOD has failed to determine the pending administrative appeal in the time set by FOIA, and so the *Times* is deemed to have exhausted administrative remedies and may bring this lawsuit to enforce FOIA. 5 U.S.C. § 552(a)(6)(C)(ii)).

## PARTIES

11. Plaintiff Los Angeles Times Communications LLC publishes a daily newspaper, the state's largest, headquartered in Los Angeles. The newspaper has a weekday circulation of approximately 690,970 and Sunday circulation of 965,598.

12. Plaintiff David Willman is a reporter for the *Times*.

13. Defendant DOD is an agency of the federal government that has possession and control of the records the *Times* has sought through its FOIA request. It is the federal agency responsible for providing the military forces needed to deter war and protect the security of the United States, and is an agency within the meaning of 5 U.S.C. § 552(f). The Missile Defense Agency is the section of DOD responsible for developing a layered defense against ballistic missiles. The agency has its origins in the Strategic Defense Initiative, which was established in 1983. The Missile Defense Agency's mission is to develop, test and prepare for deployment of a missile defense system.

## FACTS

14. On or about March 6, 2014, Mr. Willman submitted a FOIA request to DOD on behalf of the *Times*, seeking:

> "All bonus fees—also known as incentive fees--paid by the Missile Defense Agency to contractors working on the Ground-based Midcourse Defense (GMD) system. These contractors would include Boeing, Raytheon, Northrup Grumman, and Orbital Sciences."


15. Mr. Willman sought records for the time period of December 31, 2001 to March 1, 2014 (the "Records"). A copy of Mr. Willman's request is attached hereto as Exhibit B.

16. By email dated July 31, 2014, the Department of Defense's Office of Freedom of Information summarily notified the *Times* that it would not provide access to the requested information on the grounds that it was exempt from disclosure under 5 U.S.C. § 552(b)(4), which pertains to trade secrets and privileged or confidential commercial or financial data. A copy of this e-mail is attached as Exhibit C.

17. DOD did so despite the fact that it has, in the past, disclosed incentive fees paid to contractors of the GMD system and similar information to news organizations, including publicly disclosing that DOD docked one contractor working on the GMD system, Boeing, 25 percent of a $45 million bonus payment as a result of delays. *Bloomberg News* and *The Seattle Post Intelligencer* publicized that disclosure on or about December 10, 2002. The following articles reflecting disclosures by DOD of bonus fees paid to contractors are attached as Exhibit D: "Boeing refines missile program," Bloomberg News, republished in Seattle Times, August 25, 2001; "Boeing docked 25% of $45 million missile bonus," Tony Capaccio, Bloomberg News, republished in Seattle Post-Intelligencer, December 10, 2002; "Boeing Gets Mixed Results On GMD Missile Defense Award Fees," Ann Roosevelt, Defense Daily, July 22, 2005; "Pentagon pays incentives to contractors regardless of performance, study finds GAO says government paid $8 billion with little proof the awards work," Tim McLaughlin, St. Louis Post-Disptach, December 17, 2005; "Boeing Bonuses Lowered For Failed Missile Tests," Bloomberg News, republished in Los Angeles Times, February 1, 2006; "Boeing Making Improvements In Managing GMD Program, Obering Says," John Robinson, Defense Daily, May 25, 2006; "Boeing-missile defense works better than expected," Andrea Shalal-Esa, Reuters, March 12, 2007; "Boeing gets big missile-defense bonus," Jim Wolf, Reuters, December 19, 2007; "Boeing Defense system earns big bonus," Seattle Times, December 19, 2007.

18. By letter dated August 21, 2014, the *Times* appealed and asked for expedited processing of the appeal. Mr. Willman of The *Times* certified that the *Times* and the public have a compelling need for the requested records to shed light on a breaking news story of general

interest – how the Missile Defense Agency parceled out some $40 billion, including bonus fees, to pay for a missile defense system that has failed to stop targets on eight of 17 total occasions, including three of the last four. A copy of that letter is attached as Exhibit E.

19. Despite DOD's statutory obligation to process appeals within twenty days, by letter dated August 28, 2014, Alisa Turner of DOD's Office of Freedom of Information advised the *Times* that "due to an extremely heavy FOIA workload," DOD would be unable to process the *Times*' appeal within the statutory time requirement. A copy of that letter is attached hereto as Exhibit F.

20. The letter did not state when the appellate review of the case would be conducted, it did not address the request for expedited processing, and DOD only indicated that when it was done, the *Times* would be notified.

21. More than four months later, and more than three months after the twenty-day statutory deadline, the *Times* still has not received a decision on its appeal or request for expedited processing.

22. On December 10, 2014, counsel for the *Times* telephoned Alisa Turner of DOD and left a message asking for action on the *Times*' appeal and stating that a lawsuit was imminent. No one from DOD has returned that call.

23. As a result, the *Times* is deemed to have exhausted administrative remedies with regard to Mr. Willman's request. 5 U.S.C. § 552(a)(6)(C)(ii).

## FIRST CAUSE OF ACTION

24. The *Times* repeats, realleges, and incorporates the allegations in paragraphs 1 to 23 as though set forth fully herein.

25. DOD, as an agency subject to FOIA, 5 U.S.C. §552(f), must release in response to a FOIA request any disclosable records in its possession at the time of the request. DOD must further provide a lawful reason for withholding any materials as to which it is claiming an exemption under 5 U.S.C. § 552(b) Given the delays to date, Plaintiffs further seek expedited processing of this proceeding as provided for in 28 U.S.C. § 1657.

26. DOD has improperly withheld the Records requested here.

27. Exemption 4 asserted by DOD applies only to records that have not been generated within the Government. The Records are not confidential or privileged commercial or financial records obtained from persons outside the government. Instead, they are records that originate from DOD as part of its decision to pay, and payment of, hundreds of millions of dollars of incentive and/or bonus fees to contractors who have delivered a product beset with reliability problems. They are therefore not properly subject to Exemption 4. The records sought are essential to inform the public as to how taxpayer dollars are being spent on a massive public defense project with a checkered history. Records showing government payments to private contractors cannot be deemed privileged or confidential.

28. Release of the Records will not impede DOD's ability to obtain such information in the future because the information originated with DOD, not with its contractors.

29. The Records are not "privileged or confidential" under FOIA. In fact, to the contrary, DOD has released this category of information in the past.

30. Likewise, since DOD has released this category of information in the past, it cannot plausibly claim that releasing the Records will create a likelihood of substantial harm to the competitive positions of its contractors when no such harm flowed from past disclosures.

31. Finally, any embarrassment that DOD, the government more generally, or the contractors experience from disclosure of the Records to the public is not a cognizable harm under Exemption 4 and does not justify withholding the Records.

WHEREFORE, the *Times* requests that this Court:

(1) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(2) Declare that the Records are public under 5 U.S.C. § 552 and must be disclosed or, in the alternative, conduct an *in camera* review to determine whether any parts of the Records are properly public under FOIA, and thereafter order such records disclosed;

(3) Order DOD to provide access within fifteen days to the Records: namely, all bonus fees – also known as incentive fees – paid by the Missile Defense Agency to contractors working on the GMD system from December 31, 2001 to March 1, 2014. *See* Ex. B.

(4) Order DOD to prepare a "Vaughn Index" describing in detail any withheld

1 | documents pursuant to *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973);

2 |     (5)    Award the *Times* costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

4 |     (6)    Grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By:    */s/ Karl Olson*
Karl Olson (SBN 104760)
kolson@rocklawcal.com
Susan S. Brown (SBN 287986)
sbrown@rocklawcal.com
RAM, OLSON, CEREGHINO
  & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Tel: 415-433-4949
Fax: 415-433-7311

Jeffrey D. Glasser (SBN 252596)
jeff.glasser@latimes.com
Los Angeles Times
202 W. 1st Street
Los Angeles, CA 90012
Tel: 213-237-5000

*Attorneys for Plaintiff Los Angeles Times Communications LLC and David Willman*