STEPHANIE YONEKURA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
RUTH M. KWON (Cal. Bar No. 232569)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-3038
    Facsimile: (213) 894-7819
    E-mail: ruth.kwon@usdoj.gov

Attorneys for Defendant
United States Department of Defense

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LOS ANGELES TIMES COMMUNICATIONS LLC AND DAVID WILLMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE,<br><br>    Defendant. | No. CV 15-00319 DDP(FFM)<br><br>**ANSWER** |

In answer to Plaintiffs' Complaint, Defendant hereby admits, denies, and alleges as follows:

1. Paragraph 1 states Plaintiffs' characterizations of their lawsuit and matters outside of this lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

2. Paragraph 2 states Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs seeks the production of "agency records," denies that any "records" "were improperly withheld by Defendant" and that any requests were "properly made" by Plaintiffs pursuant to the Freedom of Information Act ("FOIA"). Defendant denies all remaining allegations in Paragraph 2.

3. Paragraph 3 states Plaintiffs' characterization of their lawsuit and their FOIA request, to which no response is required. To the extent a response is deemed required, Defendant denies.

4. Paragraph 4 states Plaintiffs' characterization of matters outside of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

5. Paragraph 5 states Plaintiffs' characterization of matters outside of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies. Further, this allegation appears to be contradicted by Plaintiff's Exhibit A.

6. Paragraph 6 states Plaintiffs' characterization of their lawsuit and matters outside of their lawsuit, to which no response is required. Further, Paragraph 6 incorporates into its pleadings, Exhibit A, which contain matters outside of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies.

7. Defendant denies the allegations contained in Paragraph 7 and denies Plaintiffs have exhausted their administrative remedies. Further, Defendant avers that by

1

letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

8. Paragraph 8 contains legal conclusions and jurisdictional allegations, to which no response is required. To the extent a response is deemed required, Defendant denies.

9. Paragraph 9 contains venue allegations, to which no response is required. To the extent a response is deemed required, Defendant admits that Plaintiff LA Times is publishes in the Central District of California. Plaintiff denies the remaining allegations in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, denies the allegations of Paragraph 11.

12. Defendant admits the allegations in Paragraph 12.

13. Defendant admits the Missile Defense Agency is an agency within the United States Department of Defense, and that the Department of Defense is an agency within the meaning of the Freedom of Information Act. Defendant denies that Plaintiffs requested "records," and therefore, also denies that Defendant has "possession and control of the records" sought. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that Plaintiff David Willman submitted a FOIA request on or about March 6, 2014, containing the text excerpted in Paragraph 14. Further, the FOIA request indicated a date range from 12/31/2011 to 03/01/2014.

15. Defendant admits that Plaintiff Willman requested certain information for the time period December 31, 2001 to March 1, 2014, and admits that a print-out for the FOIA request at issue, appears to be attached as Exhibit B. Defendant denies Plaintiff Willman requested "records."

16. Paragraph 16 states Plaintiffs' characterizations of the response to their

FOIA request and a FOIA statutory provision, to which no response is required. To the extent a response is deemed required, Defendant admits that on July 31, 2014, Defendant provided a response to Plaintiff Willman's FOIA request, in which it asserted that the information sought was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(4). A copy of the FOIA response appears to be attached as Exhibit C. Defendant denies the remaining allegations in Paragraph 16.

17. Paragraph 17 states Plaintiffs' characterization of matters outside of their lawsuit, to which no response is required. Further, Paragraph 17 incorporates into its pleadings, Exhibit D, which contains matters outside of their lawsuit, to which no response is required. Plaintiff appears to be quoting headlines, rather than the Defendant. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 17.

18. Paragraph 18 states Plaintiffs' characterizations of the FOIA appeal and matters outside of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant admits that on August 21, 2014, Plaintiffs submitted an administrative appeal, which appears to be attached as Exhibit E. Defendant denies the remaining allegations in Paragraph 18.

19. Defendant admits that by letter of August 28, 2014, Alisa Turner of the Office of Freedom of Information sent Plaintiff LA Times a letter acknowledging receipt of the administrative appeal and stating that "Due to an extremely heavy FOIA workload, we are unable to complete your appeal within the statutory time requirement. In fairness to the general public, we make every effort to treat all requesters equally." A copy of the letter appears to be attached as Exhibit F. Defendant denies the remaining allegations in Paragraph 19.

20. Paragraph 20 states Plaintiffs' characterization of a document, attached as Exhibit F, to which no response is required. To the extent a response is deemed required, Defendant denies that it did not address the request for expedited processing and admits that a copy of the August 28, 2014 letter appears to be attached as Exhibit F.

Defendant denies the remaining allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and, on that basis, denies the allegations of Paragraph 22.

23. Paragraph 23 contains jurisdictional allegation and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

24. Defendant incorporates the responses to Paragraphs 1 to 23, as though set forth fully herein. To extent a further response is deemed required, Defendant denies.

25. Paragraph 25 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in Paragraph 25. Further, Defendant avers that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

26. Defendant denies that Plaintiff has withheld any "records" sought by the FOIA request. Defendant denies the remaining allegations in Paragraph 26. Further, Defendant avers that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

27. Paragraph 27 contains legal conclusions, to which no response is required. To the extent a response is deemed required, Defendant denies.

28. Defendant denies that any "records" were sought by the FOIA request. Defendant denies the remaining allegations in Paragraph 28. Further, Defendant avers that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

29. Defendant denies that any "records" were sought by the FOIA request. Defendant denies the remaining allegations in Paragraph 29. Further, Defendant avers

that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

30. Defendant denies that any "records" were sought by the FOIA request. Defendant denies the remaining allegations in Paragraph 30. Further, Defendant avers that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

31. Paragraph 31 contains legal conclusions and characterizations of matters outside of their lawsuit, to which no response is required. To the extent a response is deemed required, Defendant denies that any "records" were sought by the FOIA request. Defendant denies the remaining allegations in Paragraph 31. Further, Defendant avers that by letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

32. The last section constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response may be deemed required, Defendant denies that Plaintiffs are entitled to any relief whatsoever from Defendant.

33. Defendant hereby denies, generally and specifically, all allegations of the Complaint not hereinabove otherwise answered.

34. In further answer to the Complaint, the Defendant alleges as follows:

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

35. Plaintiff's Complaint is moot. By letter of March 31, 2015, Defendants provided a response, which more than fully satisfied Defendant's obligations to respond to the defective FOIA request at issue.

#### SECOND AFFIRMATIVE DEFENSE

36. The Complaint fails to state a claim against Defendant upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

#### THIRD AFFIRMATIVE DEFENSE

37. This Court lacks subject matter jurisdiction over this action.

5

### FOURTH AFFIRMATIVE DEFENSE

38. The information sought by the Complaint does not qualify as an "Agency Record" subject to disclosure under FOIA.

### FIFTH AFFIRMATIVE DEFENSE

39. The Plaintiffs neither submitted nor perfected a valid request, which would trigger any obligations of disclosure pursuant to FOIA.

### SIXTH AFFIRMATIVE DEFENSE

40. Plaintiffs failed to comply with the Agency's regulations promulgated pursuant to FOIA.

### SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiffs have not properly exhausted their administrative remedies, and therefore, this Court does not have jurisdiction to hear this action.

### EIGHTH AFFIRMATIVE DEFENSE

42. The information sought by Plaintiffs is exempt from disclosure pursuant to Section 552(b)(4) of FOIA.

### NINTH AFFIRMATIVE DEFENSE

43. Any additional information purportedly sought by the Plaintiffs is exempt from disclosure pursuant to Section 552(b)(1)-(9) of FOIA.

### TENTH AFFIRMATIVE DEFENSE

44. Plaintiffs are not entitled to expedited processing.

### ELEVENTH AFFIRMATIVE DEFENSE

45. Defendant fulfilled its obligations under the Freedom of Information Act to conduct an adequate search. Plaintiffs purport to impose obligations upon Defendant that exceed those imposed by FOIA.

### **PRAYER FOR RELIEF**

WHEREFORE, the Defendant prays as follows:

1. That Plaintiffs take nothing against the Defendant pursuant to the Complaint;

2. That this action be dismissed as against the Defendant; and

3. That the Defendant be awarded its costs of suit incurred herein and such other and further relief as the Court deems just and proper.

Dated: April 17, 2015

STEPHANIE YONEKURA  
Acting United States Attorney  
LEON W. WEIDMAN  
Assistant United States Attorney  
Chief, Civil Division

/s/  
RUTH M. KWON  
Assistant United States Attorney

Attorneys for Defendant  
United States Department of Defense